UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00224-FDW-DSC

| EILEEN HUNTER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 16) Plaintiff's Amended Complaint (Doc. No. 13), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. Plaintiff responded in a timely manner (Doc. No. 19). For the reasons stated below, the Court DENIES Defendant's Motion to Dismiss Count IV.

## I. BACKGROUND

Plaintiff Eileen Hunter ("Plaintiff") alleges causes of action arising out of Defendant State Farm Fire and Casualty Company's ("Defendant") repeated denial of Plaintiff's insurance claims. According to the Amended Complaint,[1] Plaintiff has a Homeowners Insurance policy ("the Policy") with Defendant on a house which has experienced extensive water and structural damage. (Doc. No. 13, 3-5, ¶¶ 7-17). Plaintiff filed claims in 2009, 2013, 2014, 2015, and 2016, and Defendant denied all of them. (Doc. No. 13, at 4, ¶ 10; at 5, ¶¶ 18-19).

---

[1] The Court reads the factual allegations in the light most favorable to Plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

1

In assessing Plaintiff's claims, Defendant retained Donan Engineering Co., Inc. ("Donan"), an engineering firm, to inspect the structure and file reports ("Donan reports") concerning Donan's findings. (Doc. No. 13, at 11, ¶ 32). The Donan reports attributed the water damage to improperly installed window trim, deteriorating window sealant, which continuously led to more leakage, deterioration and rot. (Doc. No. 13, at 5-6, ¶ 20). The 2014 Donan report stated, "[t]he basement has three sets of windows and doors on the east side," and the "central door . . . was not operable due to a sagging header, and the sills and the top of the board have some water stains." (Doc. No. 13-14, at 5). Further, it detailed, "[t]he long-term intrusion has also resulted in wood rot that has weakened the horizontal members between the living room windows and the basement window and door headers," and recommended that the wall be "exposed to properly determine the extent of structural damage." (Doc. No. 13-14, at 6).

Plaintiff hired a construction consultant in 2015, who tore open the walls and reported the "structural members supporting the windows had failed as a result of the hidden decay to those members" and certain parts of those "members had caved in causing certain parts of the home to be uninhabitable without causing a catastrophic failure of the entire wall resulting in additional property damage and potential bodily injury." (Doc. No 13, at 4-5, ¶ 17).

Plaintiff, "at the recommendation of experts moved out of the home because it had become dangerously uninhabitable." (Doc. No. 13, at 9-10, ¶ 25). In between March and November of 2016, Plaintiff made repairs to the home, which cost a total of $308,564.96. (Doc. 13, at 10, ¶ 28-29).

Plaintiff alleges multiple causes of action, including: (1) the Policy's language supports Plaintiff's interpretation; (2) the Policy's language is ambiguous, and as a result, the Policy covers

repair costs to Plaintiff's home; (3) Breach of Contract; and (4) Unfair and Deceptive Trade Practices ("UDTP"). For these claims, Plaintiff seeks damages in the amount of at least $308,564.96, plus attorney's fees and court costs, (Doc. No. 13, at 17-18, ¶ 54), (Doc. No. 13, at 20-21, ¶ 70), (Doc. No. 13, at 28-29, ¶ 96), except as to the Breach of Contract claim, which Plaintiff requests this Court to enter a judgment in favor of plaintiff for at least $50,000 and costs of the suit, (Doc. No. 13, at 22, ¶ 78). Defendant moves the Court to dismiss Plaintiff's fourth claim alleging UDTP under Federal Rule of Civil Procedure 12(b)(6).

## II.  STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint"—"not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243(4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). The court accepts all well-pleaded allegations in the complaint as true and draws all reasonable factual inferences from those facts in the plaintiff's favor. Edwards, 178 F.3d at 244 (citations omitted); see also Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."). Well-pleaded allegations "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the

3

Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, *LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. ANALYSIS

Unfair and deceptive trade practices are generally prohibited by North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"). N.C. Gen. Stat. § 75-1.1; see also N.C. Gen. Stat. § 58-63-15(11) (defining unfair practices in the settlement of insurance claims). While § 75-1.1 provides a private cause of action for violations, § 58-63-15(11) does not. Instead, "the remedy for a violation of [§] 58-63-15 is the filing of a [§] 75-1.1 claim." Country Club of Johnston Cty., Inc. v. U.S. Fid. & Guar. Co., 150 N.C. App. 231, 244, 563 S.E.2d 269, 278 (2002). Thus, an individual may file an independent § 75-1.1 claim, or may file a § 75-1.1 claim that relies on a violation of § 58-63-15(11). Elliott v. Am. States Ins. Co., 883 F.3d 384, 396 (4th Cir. 2018) (citing Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 529 S.E.2d 676, 684 (2000)).

Under N.C. Gen. Stat. § 75-1.1, the three elements for a UDTP claim are "(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). "Under the UDTPA, the occurrence of the alleged conduct, damages, and proximate cause are fact questions for the jury." ABT Bldg. Prod. Corp. v. Nat'l Union Fire Ins. Co. Of Pittsburgh, 472 F.3d 99, 122–23 (4th Cir. 2006). The determination that a trade practice is unfair or deceptive is a question of law for the court. Elliott, 883 F.3d at 396 (4th Cir. 2018) (quoting Gray, 352 N.C. at 68, 529 S.E.2d at 681). "A practice is unfair when it offends

4

established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Elliott, 883 F.3d at 396 (quoting Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 653 S.E.2d 393, 398 (2007)). The determination that a trade practice is unfair or deceptive "depends upon the facts of [the] case and the impact the practice has in the marketplace." Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981) (citation omitted). "As a result, the intent of the actor is not relevant and the 'unfairness and deception is gauged by considering the effect of the practice on the marketplace' and the 'consuming public.'" Legacy Data Access, LLC v. Mediquant, Inc., 2017 WL 6001637, *7 (W.D.N.C Dec. 04, 2017) (quoting Marshall, 302 N.C. at 548, 276 S.E.2d at 403 (1981) (citation omitted).

"Moreover, although N.C. Gen. Stat. § 58-63-15(11) requires a showing of a 'frequency indicating a general business practice, a claim brought under the UDTPA does not require a frequency showing.'" Majstorovic v. State Farm Fire & Cas. Co., 2018 WL 1473427, at *4 (E.D.N.C. Mar. 24, 2018) (quoting Gray, 529 S.E.2d at 683). No showing is required because conduct in violation of § 58-63-15(11) also violates N.C.G.S. § 75-1.1 as a matter of law, as "such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." Elliott, 883 F.3d at 396 (citing Gray, 529 S.E.2d at 683 (applying holding specifically to violations of § 58-63-15(11)(f))) (citing Country Club, 563 S.E.2d at 279 (extending Gray to apply to all conduct described in § 58-63-15(11)).

The Plaintiff alleges that Defendant has adopted a practice of denying claims from policyholders under the "Collapse" policy section in situations where part of a building caved in, but the part of the house has not fallen down. (Doc. No. 13, at 24, ¶ 85). Further, Plaintiff asserts

Defendant has adopted this practice "across the board," so as to "unfairly coerce such insureds to abandon their legitimate claims to such coverage because of the prospect of expensive, protracted litigation." (Doc. No. 13, at 24, ¶ 86). Plaintiff's UDTP claim is based on the statements of Donan's consultant while he was inspecting the house. Plaintiff alleges the Donan consultant said, "the door in the basement should not be opened in its . . . existing condition because it c[an] cause the wall above to collapse" and that the consultant omitted the statements from both Donan reports. (Doc. No. 13, at 25-27, ¶¶ 88-92). Plaintiff thereafter provided Defendant with notice of the statements made by Donan in two separate messages. (Doc. No. 13, 11-13, ¶¶ 34-37).

Defendant claims Plaintiff's allegations are void of facts which support Plaintiff's UDTP claim. (Doc. No. 17, at 7-9). Defendant also argues Plaintiff has failed to set forth sufficient facts showing State Farm is vicariously liable for Donan's alleged improper omission from the Donan reports. (Doc. No. 17, at 10-13).

Defendant's argument that Plaintiff has failed to set forth sufficient facts is unavailing. The Amended Complaint sets forth sufficient factual allegations to assert a UDTP claim against Defendant State Farm. Plaintiff alleges she entered into the Policy with the Defendant, and the Policy lists State Farm as Plaintiff's insurer. (Doc. No. 13, 2-3, ¶ 4, ¶ 7); (Doc. No. 13-1, 13-2, 13-3). As noted by Plaintiff:

> Plaintiff's UDTP Claim is premised on State Farm's consultant making statements to Plaintiff and others in her presence that the condition of the house in the basement and above the basement door was a dangerous condition that could lead to a complete failure and collapse of the wall above the door if the door was opened. The condition of the door was a result of certain parts of the building collapsing down on the top of the door.

(Doc. No. 19, at 10-11). Viewing the facts in the light most favorable to Plaintiff, this factual assertion distinguishes Plaintiff's claim from the cases cited by Defendant. See Radchyshyn v.

6

Allstate Indem. Co., 2014 WL 4105738, at *4 (W.D.N.C. Aug. 19, 2014) (dismissing a plaintiff's claim for failing to set forth any factual allegations supporting a UDTP claim because the complaint only alleged the plaintiff had a valid insurance policy, the plaintiff's vehicle was damaged, and the plaintiff's claim was denied upon submission to the insurer); Clear Creek Landing Home Owners' Ass'n, Inc. v. Travelers Indemnity Co., 2012 WL 6641901 (W.D.N.C. Dec. 20, 2012) (holding that a mere disagreement over whether the insurer should pay for the complete replacement of roofs is not a UDTP claim); Currie v. Phoenix Ins. Co., 2014 WL 320373, at *8 (W.D.N.C. Jan. 29, 2014) (granting a motion to dismiss where a plaintiff asserted the insurer failed to conduct a reasonable investigation and ignored pertinent information without any further factual enhancement).

As evidence, Plaintiff relies on statements made by Donan which were not included in the final report. Plaintiff maintains that the Donan opinions "either should have been provided to State Farm by Donan in writing," or "may have been verbally provided by Donan to State Farm and then omitted from the written report." (Doc. No. 13, at 27, ¶ 93). Plaintiff asserts Defendant's conduct is indicative of a policy and practice adopted by Defendant in denying coverages to policyholders. (Doc. No. 13, at 24-25, ¶¶ 85-87). In support of this argument, Plaintiff asserts: (1) if Defendant was unaware of Donan's opinion, then upon receiving notice of the opinions, Defendant engaged in an unfair and deceptive trade practice under N.C.G.S. ¶ 58-63-15(11) by continually denying Plaintiff's claim when the claim should fall under the Policy; (2) if Defendant was aware of the Donan opinion, Defendant should have "provided a reasonable explanation, after being notified, as to why it did not request an explanation from Donan"; and (3) if Defendant did request an explanation from Donan, Defendant should have provided a reasonable explanation for

7

the continued denial of Plaintiff's claim. (Doc. No. 13, at 24, ¶¶ 83-87); (Doc. No. 19, at 10-11, 14-15). These are enhanced factual allegations, not naked assertions, and are sufficient to state a claim against Defendant State Farm.

Next, Defendant State Farm argues that, regardless of whether Plaintiff has alleged sufficient facts to state a claim, Defendant cannot be held vicariously liable for the actions or omissions of Donan because Donan is not Defendant's agent. However, Plaintiff's UDTP claim is not based upon a theory of vicarious liability, but instead is focused on Defendant State Farm's actions when it learned of the Donan opinions omitted from the Donan reports. As the claim does not rely upon Defendant being vicariously liable for the actions or inactions of Donan, Defendant's alleged agent, Defendant's objection to Plaintiff's UDTP claim concerning vicarious liability is irrelevant.

Although Defendant's vicarious liability objection is irrelevant, even if Plaintiff's claim did rely on the existence of an agency relationship between Defendant and Donan, Plaintiff's claim would still survive Defendant's motion to dismiss. In Legacy Data, 2017 WL 6001637 at *7, this Court summarized North Carolina's agency law as follows:

> Under North Carolina law, "[t]he two essential elements of an agency relationship are: (1) the authority of the agent to act on behalf of the principal, and (2) the principal's control over the agent." State v. Weaver, 359 N.C. 246, 258, 607 S.E.2d 599, 606 (2005). . . . "Whether a principle-agent relationship exists is a question of fact for the jury when there is evidence tending to prove it; it is a question of law for the court if only one inference can be drawn from the facts." Smock v. Brantley, 76 N.C. App. 73, 75, 331 S.E.2d 714, 716 (1985). A principal is liable for the torts of his agent (1) "when expressly authorized," (2) "when ratified by the principal," or (3) "when committed within the scope of his employment and in furtherance of his master's business." See, e.g., Snow v. De Butts, 212 N.C. 120, 122, 193 S.E. 224, 226 (1937).

Here, Plaintiff has provided adequate facts to allow this Court to reasonably infer that an agency relationship exists. In Plaintiff's amended complaint, Plaintiff alleges that at all relevant times:

> State Farm represented that it was sending an investigator to Plaintiff's home to investigate Plaintiff's claim [and] Donan represented that it was investigating Plaintiff's claim on behalf of State Farm, with the express authorization of State Farm and State Farm used Donan's opinions as part of the bases for denying Plaintiff's claims. At all relevant times, Donan was the actual or apparent agent of State Farm, acting within the course and scope of said agency.

(Doc. No. 13, at 11, ¶ 32) (incorporating Doc. No. 13-14, 13-15 by reference). Plaintiff's allegations are sufficient to survive Defendant's motion to dismiss, as Plaintiff provides enough evidence tending to prove that Donan represented Defendant State Farm and acted on Defendant's behalf.

Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for UDTP is DENIED, as Plaintiff has stated sufficient facts for Defendant to be liable for the alleged misconduct.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 16) pursuant to 12(b)(6) of the Federal Rules of Civil Procedure is DENIED. As stated above, Plaintiff alleges sufficient facts to support her claim of Unfair and Deceptive Trade Practices. The Court's ruling is without prejudice.

IT IS SO ORDERED.

Signed: July 30, 2018

Frank D. Whitney
Chief United States District Judge